IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ARYAN MAHMOUDPOUR, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. SA-25-CV-1877-FB |
| | § | |
| PAMELA JO BONDI, United States Attorney | § | |
| General; KRISTI LYNN NOEM, Secretary of | § | |
| Homeland Security; SYLVESTER M. ORTEGA, | § | |
| San Antonio Acting Field Office Director for | § | |
| Detention and Removal, U.S. Immigration and | § | |
| Customs Enforcement; and BOBBY | § | |
| THOMPSON, Warden, South Texas ICE | § | |
| Processing Center, in Their Official Capacities, | § | |
| | § | |
| *Respondents.* | § | |

### ORDER ACCEPTING REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is the Report and Recommendation of United States Magistrate Judge filed

on March 19, 2026 (ECF No. 24). According to the CM/ECF system, the Report and

Recommendation was served by electronic transmission on all parties on March 19, 2026. The

Report provided in the section titled "Notice of Right to Object," that based on the parties request

at the March 4, 2026, hearing, "the parties must file any written objections within seven days of their

receipt of this Report and Recommendation." (ECF No. 24 at page 7). To date, the docket reflects

no objections to the Report and Recommendation have been received.[1]

---

[1] Any party who desires to object to a Magistrate's findings and recommendations must serve and file his, her or its written objections within fourteen days after being served with a copy of the findings and recommendation. 28 U.S.C. § 635(b)(1). If service upon a party is made by mailing a copy to the party's last known address, "service is complete upon mailing ." FED. R. CIV. P. 5(b)(2)(C). If service is made by electronic means, "service is complete upon transmission." *Id*. at (E). When the mode of service is by electronic means, three days are no longer added to the time period to act after being served. *See Heverling v. McNeil Consumer Pharmaceuticals, Co.*, Civil Action No. 1:17-CV-1433, 2018 WL 1293304 at *2 n.3 (M.D. Pa. Mar. 13, 2018) ("On April 28, 2016, the Supreme Court adopted changes to the Federal Rules of Civil Procedure. In pertinent part, the Court amended Rule 6(d) to remove 'electronic means' as a mode of service triggering an additional three days to act when a responsive period commences upon service. *See* FED. R. CIV. P. 6, advisory committee's note to 2016 amendment. The amendments took effect on December 1, 2016.").

Because no party has objected to the Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made."). Here, after conducting his analysis, Magistrate Judge Bemporad recommends in his Report that Petitioner Aryan Mahmoudpour's Petition for Writ of Habeas Corpus (ECF No. 1) be GRANTED IN PART such that the Petitioner be ordered RELEASED WITHIN 48 HOURS of the District Court's order, and DENIED IN PART to the extent Petitioner seeks attorney's fees and costs under the EAJA.[2]   The Court has reviewed the Report and finds its reasoning to be neither clearly erroneous nor contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918 (1989).  The Recommendation shall therefore be accepted pursuant to 28 U.S.C. § 636(b)(1) such that Petitioner Aryan Mahmoudpour's Petition for Writ of Habeas Corpus (ECF No. 1) shall be GRANTED IN PART such that he be released and DENIED IN PART as to attorney's fees and costs.

Accordingly, it is hereby ORDERED that the Report and Recommendation of United States Magistrate Judge filed in this cause on March 19, 2026 (ECF No. 24), is ACCEPTED pursuant to 28 U.S.C. § 636(b)(1) such that (1) Petitioner's Petition for Habeas Corpus (ECF No. 1) is GRANTED IN PART such that Respondents are ORDERED to release Petitioner from their custody as set forth below:

1.       Respondents are DIRECTED to RELEASE Petitioner Aryan Mahmoudpour from custody under appropriate and reasonable conditions of release to a public place

---

[2]   "The Fifth Circuit has unequivocally stated that the EAJA [Equal Access to Justice Act] "does not authorize attorney's fees for successful 28 U.S.C. § 2241 motions." *Barco v. Witte*, 65 F.4th 782, 785 (5th Cir. 2023), *cert. denied*, 144 S. Ct. 553 (2024)." <u>Report</u>, ECF No. 24, n.1.

WITHIN 48 HOURS OF ISSUANCE OF THIS ORDER and in any event no later than 2 p.m. on **Friday, April 17, 2026**.

2.    Respondents must NOTIFY Petitioner's counsel by email or by an in-person telephone conference[3] of the exact location and time of Petitioner's release as soon as practicable and at least two hours before his release;

3.    Respondents shall FILE a status report no later than 2 p.m. on April 19, 2026, confirming that Petitioner has been released under appropriate and reasonable conditions of release.

IT IS FURTHER ORDERED that Petitioner's Petition (ECF No. 1) is DENIED IN PART as to his request for attorney's fees under the Equal Access to Justice Act ("EAJA").

IT IS FURTHER ORDERED that motions pending, if any are DISMISSED AS MOOT, and this case is now CLOSED. A final judgment will issue separately.

It is so ORDERED.

SIGNED this 15th day of April, 2026.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE

---

[3]  Javier N. Maldonado at email: jmaldonado.law@gmail.com or telephone: (210) 277-1603.

-3-